# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DOUGLAS BRUCE,**

    **Plaintiff,**

v.

Case No 2:23-cv-773
Judge Edmund A. Sargus, Jr.
Magistrate Judge Kimberly A. Jolson

**CITY OF ZANESVILLE, OHIO,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant City of Zanesville, Ohio's (the "City") Motion for Summary Judgment. (Def. Mot., ECF No. 24.) For the reasons stated below, the Court **GRANTS** Zanesville's Motion.

## BACKGROUND

This action arises out of the demolition of a building on *pro se* Plaintiff Douglas Bruce's property. Bruce brought this action against the City for allegedly violating his constitutional rights by demolishing a house on his property. (Compl., ECF No. 1.) Bruce resides in El Paso County, Colorado, but he owns property at 804 Fountain Square, Zanesville, Ohio 43701. (*Id.* ¶¶ 1, 7.) The Property used to have a single-family home (the "Structure"). (*Id.* ¶ 8.) Bruce alleges that the City demolished the Structure without proper notice to him. (*Id.* ¶ 9–10, 13.) Additionally, Bruce alleges that the City issued fines, penalties, tax liens, and other charges against his property. (*Id.* ¶ 12.) To vindicate his rights, Bruce brings four counts alleging (1) deprivation of his property in violation of the Fifth and Fourteenth Amendments; (2) violation of procedural due process under the Fifth and Fourteenth Amendments; (3) violation of substantive due process; and (4) violation of the Eighth and Fourteenth Amendments. (*Id.* ¶¶ 16–48.)

1

The City filed a motion for summary judgment and described facts omitted from Bruce's Complaint. (Def. Mot., ECF No. 24.) The City's evidence demonstrated that it determined the Structure was a nuisance in violation of Zanesville Code and sent Bruce at least eight notices that the Structure was at risk of demolition. (Aff. of John Benson, ECF No. 24-1, ¶¶ 3–5.) None of the notices were returned as undeliverable or unclaimed. (*Id.*)

The City first sent Bruce a "Demolition Notice" on October 7, 2013, giving Bruce a deadline by which he needed to bring his property into compliance. (*Id.*) The City listed nine violations and indicated that his property contained an unsafe structure that was unfit for human habitation. (*Id.*) The City sent the notice by certified mail, and Bruce signed for the mail on October 12, 2013. (*Id.*) The City then sent follow-up letters at the end of October 2013, June 2014, and September 2015. (*Id.* ¶ 6–9.)

In September 2015, the City said that "the above structure is so old, dilapidated, or out of repair that it is dangerous, unsafe, unsanitary or otherwise unfit for human habitation, occupancy or use and that it would be unreasonable to repair the structure." (*Id.* ¶ 9.) The City ordered Bruce to repair the Structure's defects or raze and remove it within 30 days. (*Id.*) If Bruce failed to comply with the order, the City stated it would arrange to have the Structure razed and removed. (*Id.*) Any costs associated with such actions would be levied as a lien upon his property. (*Id.*) Bruce signed the receipt for this certified letter on September 16, 2015. (*Id.* ¶ 10.) The City sent to Bruce more letters in October 2015, and then bid out the demolition work in April 2017. (*Id.* ¶¶ 11–15.)

The City awarded the contract to the lowest bidder, and the contractor demolished the Property on June 13, 2017. (*Id.* ¶ 15.) According to the City, the demolition occurred "three years and eight months after Mr. Bruce was first notified of the condition of the property and the

possibility of demolition." (*Id.*) Despite this length of time, Bruce never abated the code violations, appealed the decisions condemning his Property or the demolition, or contacted the City whatsoever. (*Id.* ¶ 14.) The City did not pursue Bruce for the cost of the demolition or place a lien on the Property. (*Id.* ¶ 16.)

Bruce filed this action on February 24, 2023, nearly ten years after the City's first letter to him. (Compl.) The City filed a motion for summary judgment. (Def. Mot., ECF No. 24.) Bruce responded in opposition. (Pl. Resp., ECF No. 26.) The City filed its reply (ECF No. 27), and this matter is now ripe for the Court's review.

## STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant has the burden of establishing there are no genuine issues of material fact, which may be achieved by demonstrating the nonmoving party lacks evidence to support an essential element of its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir. 1993). The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56). When evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

A genuine issue exists if the nonmoving party can present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir. 1993). In other words, "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (concluding

3

that summary judgment is appropriate when the evidence could not lead the trier of fact to find for the nonmoving party).

## ANALYSIS

The City moves for summary judgment on Bruce's claims, arguing that (1) the claims are barred by the statute of limitations; (2) Bruce's procedural due process claims fail because he was provided with substantial notice and opportunity to be heard; (3) his claims are barred by the doctrine of res judicata; (4) his Fifth Amendment Taking Claim fails because he did not have a property right in maintaining a nuisance condition; (5) his substantive due process claim fails because the City's abatement of a hazardous nuisance structure was not conscience-shocking; and (6) his Eighth Amendment claim fails because the Amendment does not apply to Bruce's claims. (Def. Mot., ECF No. 24, at PageID # 84.) Because the City correctly notes that Bruce's claims are time-barred by the statute of limitations, the Court need not address the City's other arguments.

Indeed, the Sixth Circuit recently affirmed summary judgment in favor of the City of Miamisburg in a nearly identical case Bruce brought against that municipality. *Bruce v. City of Miamisburg, Ohio*, No. 23-3080, 2023 WL 6623194, at *1 (6th Cir. Oct. 11, 2023), *cert. denied*, 144 S. Ct. 1118 (2024). There, Bruce filed suit against the City of Miamisburg "for demolishing, as public nuisances, two buildings that Bruce had bought but never maintained." *Id*. Bruce brought the lawsuit more than two years after the buildings' demolition. The District Court granted summary judgment to Miamisburg because Bruce's claims were barred by the statute of limitations, and the Sixth Circuit affirmed. *Id.*

Here, as in *City of Miamisburg*, the relevant statute of limitations is two years. *Id.*; *Beaver St. Invs., LLC v. Summit Cnty., Ohio*, 65 F.4th 822, 826 (6th Cir. 2023) ("In Ohio, 'a two-year statute of limitations applies to § 1983 claims . . . .'") (quoting *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007)). As the Sixth Circuit articulated in *City of Miamisburg*:

4

> That period began to run when Bruce knew or had "reason to know of the injury which is the basis of his action." *Id.* "A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence." *Johnson v. Memphis Light Gas & Water Div.*, 777 F.3d 838, 843 (6th Cir. 2015) (internal quotation marks omitted).

2023 WL 6623194, at *1. The Sixth Circuit held that "a reasonable property owner—one who made any effort at all to stay apprised of his buildings' condition, for example, and to ensure that they remained in compliance with the municipal code—would have known that . . . his buildings had lain in heaps of rubble" for more than two years prior to the date Bruce filed his lawsuit. *Id.*

*City of Miamisburg* is directly on point here. Bruce's Property was demolished on June 13, 2017, several years after receiving notice of the City's planned demolition. He filed this lawsuit on February 24, 2023. (Compl.) A reasonable property owner would have known that his property had been demolished well before February 2021, particularly when the owner had received multiple letters notifying him that the City would demolish the Structure if he did not address the Code violations. (Benson Aff., ECF No 24-1, ¶¶ 5, 10.) Accordingly, Bruce filed his Complaint over three years after the statute of limitations expired. *See also Bruce v. City of Cincinnati*, No. 1:23-CV-112, 2024 WL 37123, at *2 (S.D. Ohio Jan. 3, 2024) (dismissing nearly identical claims brought by Bruce at the motion to dismiss stage on statute of limitations grounds).

Bruce's opposition brief appears to argue that statutes of limitations should not apply to constitutional claims. (Pl. Resp., ECF No. 26, at PageID # 155–57 ("Plaintiff contends the plain language of the Bill of Rights, including the Fifth Amendment, does not contain an expiration date.").) Because this Court is bound by well-established precedent holding otherwise, Bruce's claims are barred by the statute of limitations as a matter of law. *See, e.g.*, *City of Miamisburg*, 2023 WL 6623194, at *1–2. And because resolving the statute of limitations issue is dispositive of all of Bruce's claims, the Court need not address the City's remaining arguments. *See, e.g.*,

5

*Bruce v. City of Miamisburg, Ohio*, No. 3:21-CV-80, 2023 WL 184010, at *3 (S.D. Ohio Jan. 13, 2023) ("As the statute of limitations is dispositive of the entire action, the Court finds it unnecessary to rule on Miamisburg's remaining arguments.") *aff'd*, No. 23-3080, 2023 WL 6623194 (6th Cir. Oct. 11, 2023), *cert. denied*, 144 S. Ct. 1118 (2024). Therefore, the Court **GRANTS** the City's Motion.

## CONCLUSION

For the reasons stated herein, the Court **GRANTS** the City's Motion for Summary Judgment. (ECF No. 24.) The Court hereby **VACATES** its Order Setting Trial Date and Settlement Conference (ECF No. 21). The Clerk is **DIRECTED** to enter judgment and close this case.

**IT IS SO ORDERED.**

**6/10/2024**　　　　　　　　　　　　　　　**s/Edmund A. Sargus, Jr.**
**DATE**　　　　　　　　　　　　　　　　　**EDMUND A. SARGUS, JR.**
　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**